JEFFREY A. LINDENBAUM [NY SBN 4026753]
jlindenbaum@collenip.com
COLLEN IP, Intellectual Property Law, P.C.
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Telephone:   (914) 941 5668
Facsimile:   (914) 941-6091
(*Admitted Pro Hac Vice*)

PAUL B. DERBY [SBN 211352]
pderby@skiermontderby.com
JOHN J. O'KANE IV [SBN 268632]
jokane@skiermontderby.com
MANE SARDARYAN [SBN 287201]
msardaryan@skiermontderby.com
SKIERMONT DERBY LLP
800 Wilshire Boulevard, Suite 1450
Los Angeles, California 90017
Telephone:   (213) 788-4500
Facsimile:   (213) 788-4545

Attorneys for Defendants
BIG LOTS STORES, INC. and
RMS INTERNATIONAL (USA), INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LANARD TOYS LIMITED,<br><br>  Plaintiff,<br><br>v.<br><br>BIG LOTS STORES, INC. and RMS INTERNATIONAL (USA), INC., and DOES 1 through 10,<br><br>  Defendants. | Case No.:  2:17-CV-04469<br>[Honorable Manuel L. Real]<br><br>DEFENDANTS BIG LOTS STORES, INC. AND RMS INTERNATIONAL (USA), INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)<br><br>JUDGE: Hon. Manuel L. Real<br>DATE:   November 6, 2017<br>TIME:   10:00 a.m.<br>PLACE:  Courtroom 880<br><br>[*Filed concurrently with Supporting Declaration of Jeffrey A. Lindenbaum*] |

## A. Preliminary Statement

Transfer of this case to the Western District of Missouri would be more convenient for Defendants and their witnesses; Plaintiff does not rebut this point. Rather it argues that California would be more convenient for Plaintiff and its witnesses.[1] Given this standoff, one factor overwhelmingly tips the scales in favor of a transfer. Namely, there are two related lawsuits (in California and Missouri) which, for reasons of judicial economy, should be consolidated. Plaintiff has asserted the identical intellectual property in both actions, namely the same CHALK BOMB! trademark (and Federal Registration), the same copyright in its toy chalk bomb packaging, and alleges rights in the same trade dress. Plaintiff's legal allegations in the two cases mirror one another. There is overlap in parties as both cases involve Plaintiff Lanard and Defendant RMS. In each case, the Defendants have lodged the identical challenge against Plaintiff's intellectual property rights, including the allegation that the Plaintiff's mark CHALK BOMB! is a merely descriptive term and unprotectable term for the parties' goods, and that Plaintiff cannot establish protectable rights in the trade dress of its package. The defenses and counterclaims are identical in the two cases, including for cancellation of the Plaintiff's CHALK BOMB! trademark registration. Plaintiff Lanard and Defendant RMS will introduce testimony from the same fact witnesses in both cases.

Since this Court does not have personal jurisdiction over Menards (the second defendant in the Missouri action), consolidation can only occur if this Court first transfers this action to the Western District of Missouri, where the related action is pending. The Western District of Missouri has jurisdiction over all of the parties in

---

[1] In opposing Defendants' motion, Plaintiff is quick to point out the location of its California facility, but it omits to acknowledge that when it filed the related action in Missouri, it pointed to its "large customer service and warehouse facility in Kansas City, Missouri" presumably as evidence that Missouri is a convenient forum to lodge Plaintiff's claims regarding its CHALK BOMB! product. (L. McAndrews Decl. at Ex. A, Complaint at ¶ 8.)

both of these actions, and the proceedings in that case are in the same preliminary stage as this case.

In arguing that consolidation would not be proper, Plaintiff argues some differences between the two actions. But, consolidation does not require that the two cases be identical. Commonality of each and every issue is not required. The proper test for consolidation is that there are some common questions of law and fact. *Aroche v. Park*, 2017 U.S. Dist. LEXIS 102456, at *11 (C.D. Cal. June 5, 2017) ("actions do not need to be identical before they are consolidated"). As discussed below, there is substantial overlap between the two actions. Moreover, the amount at stake in these lawsuits, where the profits were only about $17,000 in both cases combined (with less than $5,000 of profits being at stake in this litigation), strongly favors consolidation. Under these circumstances, it is unreasonable for Plaintiff to demand that its related claims proceed in two separate courts with two separate jury trials (each of which Plaintiff estimates will consume 10-15 days in court).

**B. Discussion**

Consolidation "requires only a common question of law or fact; perfect identity between all claims in any two cases is not required." *Zimmerman v. Nev. CVS Pharmacy, LLC*, 2017 U.S. Dist. LEXIS 131361, at *1 (D. Nev. Aug. 17, 2017); *Aroche*, 2017 U.S. Dist. LEXIS 102456, at *11. The "Court must weigh "the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Zimmerman*, 2017 U.S. Dist. LEXIS 131361, at *1. While "a district court does have broad discretion in determining whether consolidation is appropriate, typically, consolidation is favored." *Tse v. Apple, Inc.*, 2013 U.S. Dist. LEXIS 15646, at *9 (N.D. Cal. 2013) (citing, *In re Oreck Corp. Halo Vacuum and Air Purifiers Marketing and Sales*, 282 F.R.D. 486, 490 (C.D. Cal. 2012)).

///
///
///

### 1. There is Substantial Overlap of Legal and Factual Issues

There is substantial overlap in the legal and factual issues present in the two lawsuits, including:

- Both cases have a single Plaintiff, Lanard Toys.
- Defendant RMS is a defendant in both actions, accused of the same conduct, namely supplying a chalk filled pouch toy to the retail store chains;
- The legal causes of action in both lawsuits are the same. A reading of both complaints reveals that the legal causes of action mirror one another. Both cases allege:
    - Copyright Infringement under 17 USC § 101, et. seq. (Claim 1), asserting infringement of U.S. Copyright Registration No. VA 2-022-296 and VA 1-999-283 directed to its CHALK BOMB!® packaging design
    - False Designation of Origin Under 15 U.S.C. § 1125(a) (Claim 2), asserting Defendants' use of the CHALK BOMB (or CHALK BOMBS) mark infringes Plaintiff U.S. Registration No. 5,046,808 for the mark CHALK BOMB!
    - Trademark Infringement under 15 U.S.C. § 1114, alleging infringement of Plaintiff's U.S. Registration No. 5,046,808 for the mark CHALK BOMB!
    - Trade Dress Infringement Under 15 U.S.C. § 1125(a) (Claim 4), alleging Defendants' use of the trade dress in Lanard's CHALK BOMB! is likely to cause confusion.[2]
- The remedies Plaintiff seeks in both actions are the same.

---

[2] The only legal claim that is different is the final claim in each Complaint. In the California lawsuit, Plaintiff's alleged unfair competition under California's Bus. & Prof. Code, whereas in the Missouri action, it alleged Unfair Competition under common law. (L. McAndrews Decl. at Ex. A.)

- Defendants' defenses and counterclaims are the same in the two actions.
- Although they have different packaging, the accused product is the same, namely a toy pouch (or "bomb") of colored chalk. With both cases involving the identical toy, there will be overlap in factors likely to be relevant to the analysis of whether there would be consumer confusion, including:
    - Proximity or relatedness of the goods
    - Target consumers
    - General price category
    - Sophistication of the consumer
    - Purchasing conditions (e.g., degree of care consumers are likely to exercise when making the purchase)
    - Type of stores where the toy may be sold, and sections of store where it would be sold
    - Channels of trade
    - Similar products in the market
    - Marketing channels
    - Likelihood of expansion of product lines
- The general time period for the accused conduct is roughly the same, with totality of sales occurring in both cases between approximately early to the middle of 2017.
- Plaintiff has indicated that it intends to call the same fact witnesses to support its claims in both actions, namely, James Hesterberg, Doris Lee, Yvone Cheung, Angel Lee and Iris Fung.[3] (*See* Declaration of Jeffrey A. Lindenbaum in Support of Reply Memorandum ("Lindenbaum Reply Decl.") Ex. A.)[4]

---

[3] It is noteworthy that in its opposition to this motion to transfer, Plaintiff created a list of witnesses to try to support its position on convenience, but most of these witnesses were not identified in Plaintiff's Initial Disclosures as witnesses Plaintiff intends to rely on to support its claims. (Lindenbaum Reply Decl. Ex. A.)

[4] Plaintiff's boilerplate objections to the admissibility of Defendants' declarations should all be overruled. The relevance is obvious, particularly as it pertains to issues of convenience of the

- Defendant RMS intends to rely on the same fact witnesses, including Warren Herscovitz, Amy Darling and Alejandro Lalinde. (*See* Lindenbaum Reply Decl. Ex. B.)

Ignoring the many similarities, Plaintiff's brief focuses on differences in the packaging for the products at issue in the California case, and the Missouri action. Plaintiff also argues that while both cases involve comparison of the mark CHALK BOMB! to the alleged use of Chalk Bomb, only the Missouri case includes comparison of CHALK BOMB! to Chalk Attack. While these products were in fact sold in different packaging, the analysis of whether Plaintiff has rights in the asserted intellectual property, and the scope of those rights will be identical in both cases, and is a fundamental issue. Moreover, and regardless of differences in the packaging, there will naturally be substantial overlap in the analysis of whether the Plaintiff can prove rights in the term CHALK BOMB!, and whether Chalk Bomb and Chalk Attack would infringe Plaintiff's CHALK BOMB! Mark (if protectable), when applied to the Defendants' identical toy product. This is not a case where the marks in the two actions are being applied to completely different fields of commerce, as would be the case if the defendants' products in each action were different (e.g., comparison of a toy pouch of chalk to accounting services or to pharmaceuticals). In both cases the jury members will be asked to compare a toy pouch of chalk to a toy pouch of chalk. There would also be risk of inconsistent rulings absent consolidation.

### 2. Consolidation Will Conserve Judicial and Party Resources

Consolidating the two actions and synchronizing their schedules will conserve a significant amount of judicial resources. Case management conferences, hearings on motions, and trial will be conducted once, not twice. This will significantly reduce the amount of judicial resources that are consumed by these actions in any case, let alone

---

parties and judicial economy, and the witnesses each declare they have knowledge of the underlying subject matter.

where Plaintiff, as here, has indicated it expects to conduct a jury trial lasting 10-15 days in each case. Conducting 30 days of trial when the combined profits for the few months of sales of this discontinued toy were approximately $17,000 cannot be justified.

Consolidation of the two actions will reduce the amount of resources expended not only by the courts, but of course by the parties as well. The defendants in both actions will likely seek production of the same documents and propound similar requests for admissions and interrogatories. Plaintiff will almost certainly seek much of the same discovery from Defendant RMS in both actions. Similarly, the parties can proceed with one set of depositions, instead of duplicative depositions for each action. One set of motions can be submitted instead of two. The Parties will avoid duplicating documents, demands and addressing separate schedules and court appearances. The Parties will have to prepare for one trial instead of two, including one set of motions in limine, one set of jury instructions, one pre-trial order, etc. This alone will likely save each party hundreds of thousands of dollars. Consolidation of the two cases will also alleviate the burden on third party witnesses, who should only have to be deposed once, and only have to appear at one trial in one city.

### 3. Plaintiff will Suffer No Prejudice and Will Benefit From Consolidation

Plaintiff has pointed to no significant prejudice that it would suffer by consolidation of these two actions. Consolidation will not delay these cases, and likely will result in a quicker resolution, as the parties can focus on one case instead of two. Plaintiff is free to pursue all the same remedies once the matters are consolidated. And like Defendants, Plaintiff will also benefit from the economic savings of a single consolidated action.

While Plaintiff may be indifferent as to the economic harm suffered by Defendants (or itself) in having to litigate two separate lawsuits, the Federal Rules (including Fed. R. Civ. P. 1 and 42(a)) and the equitable principles of this Court

1 | require the parties and the court to pursue the "just, speedy, and inexpensive
2 | determination of every action and proceeding." Fed. R. Civ. P. 1. A transfer of this
3 | action to Missouri so that it may be consolidated with the pending related action will
4 | meet this goal, and Defendants' motion should therefore be GRANTED.

DATED:  October 23, 2017

COLLEN IP, Intellectual Property Law, P.C.
JEFFREY A. LINDENBAUM

SKIERMONT DERBY LLP
PAUL B. DERBY
JOHN J. O'KANE IV
MANE SARDARYAN


By:   /s/ Jeffrey A. Lindenbaum
      JEFFREY A. LINDENBAUM

      Attorneys for Defendant
      BIG LOTS STORES, INC. and RMS
      INTERNATIONAL (USA), INC.

**CERTIFICATE OF SERVICE**

I am employed in the State of California, County of Los Angeles. I am over the age of 18 years old and am not a party to this action. My business address is 800 Wilshire Boulevard, Suite 1450, Los Angeles, California 90017.

On October 23, 2017, I served the following document described as:

**DEFENDANTS BIG LOTS STORES, INC. AND RMS INTERNATIONAL (USA), INC.'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

by serving a true copy of the above-described document by electronically filing the same with the United States District Court for the Central District of California.

I am familiar with the United States District Court for the Central District of California's practice for collecting and processing electronic filings. Under that practice, and pursuant to Local Rule 5-3.2, documents are electronically filed with the court. Upon the electronic filing of a document, the court's CM/ECF system will generate a Notice of Electric Filing (NEF) to the filing party, the assigned judge, and all attorneys who have appeared in the case in this Court and who have consented to receive service through the CM/ECF system. The NEF will constitute service of the document pursuant to the Federal Rules of Civil Procedure. The NEF will constitute proof of service for individuals so served.

I declare that I am a member in good standing of the California State Bar Association and am admitted to practice before the United States District Court for the Central District of California. I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 23, 2017, at Los Angeles, California.

               **/s/ John J. O'Kane IV**
               JOHN J. O'KANE IV